UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY M. BUTLER, # 175287,
DYLAN JOHN EARICK, # 183502,

        Plaintiffs,                    Case No. 1:20-cv-13421
                                                  Honorable Thomas L. Ludington
v.

GRETCHEN WHITMER, et al.,

        Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT**

Plaintiffs Anthony M. Butler and Dylan John Earick, pretrial detainees currently confined at the Genesee County Jail in Flint, Michigan, have filed a pro se civil rights complaint under 42 U.S.C. § 1983. They raise claims concerning the alleged suspension of habeas corpus, the denial of due process, speedy trial rights, excessive bond, cruel and unusual punishment, involuntary servitude, and equal protection. Plaintiffs name six defendants: Governor Gretchen Whitmer, Genesee County Circuit Court Chief Judge Duncan M. Beagle, Genesee County Sheriff Christopher Swanson, Office of the Governor, the Seventh Circuit Court, and the Genesee County Jail. Defendants Whitmer, Beagle, and Swanson are named in their individual and official capacities, and the Office of the Governor, the Seventh Circuit Court, and the Genesee County Jail in their official capacities only. Plaintiffs seek injunctive relief and monetary damages. The Court has granted Plaintiffs leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). For the reasons set forth below, the Court dismisses the Complaint.

# I.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

## II.

### A.

Plaintiffs name the Genesee County Jail, the Office of the Governor, and the Seventh Circuit Court as defendants. They are not proper defendants in this action.

The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Construction, LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "'bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies.'" *McCormick v. Miami University*, 693 F.3d 654, 661 (6th Cir.

2012) (quoting *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). Consequently, the Office of the Governor is immune from suit.

The State also is not a "person" under § 1983. *Will*, 491 at 71. Likewise, a state court is not a "person," as that term is used in § 1983. *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993). Additionally, a county jail is not a proper entity to suit under § 1983. *Watson v. Gill,* 40 F. App'x 88, 89 (6th Cir. 2002).

Plaintiffs' claims against the Genesee County Jail, the Office of the Governor, and the Seventh Circuit Court will be dismissed.

**B.**

Plaintiffs allege that they have not been tried or released on bond in a timely manner and allege a denial of procedural fairness (presumably referencing their pretrial proceedings). Such claims, which concern Plaintiffs' ongoing state criminal prosecutions, are subject to dismissal for failure to state claims upon which relief may be granted under § 1983.

A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought. *Id*. at 487–89. As the Supreme Court has explained,

> [*Heck*, *supra*, and other cases], taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages

or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis original). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. Moreover, *Heck* applies to civil rights actions filed by pretrial detainees. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (citing *Alvarez–Machain v. United States*, 107 F.3d 696, 700-01 (9th Cir. 1996)); *Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir. 1996)); *Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003) (*Heck* applies to pending charges); *Reese v. Gorcyca*, 55 F. App'x 348, 350 (6th Cir. 2003) (pre-trial detainee's speedy trial and ineffective assistance claims barred by *Heck*).

If Plaintiffs were to prevail on such claims in this action, their continued confinement (as pretrial detainees) would be called into question. Consequently, the claims concerning the pending criminal prosecution are barred by *Heck* and must be dismissed.

## C.

Plaintiffs allege that Defendants violated their rights under the Equal Protection Clause and their rights not to be placed into involuntary servitude. They do not assert any particular factual allegations to support either of these claims, nor do they attribute factual allegations to particular Defendants concerning these claims. To state a claim, a plaintiff must attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Plaintiffs' equal protection and involuntary servitude claims do not state a ground upon which relief may be granted because they do not draw a connection between the alleged violations and any specific actions by a particular defendant.

**D.**

Plaintiffs next assert a conclusory claim that their rights to petition for habeas corpus relief have been unconstitutionally suspended. In support of this claim, they cite the United States Constitution. Yet, they offer no argument that they attempted but were unable to seek habeas corpus relief in federal court. To the extent that they challenge their ability to file state habeas corpus petitions, they also fail to state a ground for relief. The Suspension Clause of the United States Constitution "is not restrictive of state, but only of national, action." *Gasquet v. LaPeyre*, 242 U.S. 367, 369 (1917). Because the filing of a state habeas petition is not a right secured by the Constitution, Plaintiff fails to state a claim under § 1983. *See Geach v. Olsen*, 211 F.2d 682, 684 (7th Cir. 1954) ("[T]he refusal by state authorities to entertain a petition for a writ of habeas corpus, therefore, does not raise a federal question.").

**E.**

Finally, Plaintiffs claim that their Eighth Amendment right to be free from cruel and unusual punishment has been violated by inadequate medical care. Plaintiff Butler alleges that he suffers from an abdominal hernia which has not been treated, dental decay as a result of inadequate dental tools and care, and resulting mental injury. Plaintiff Earick claims that he also suffers from dental decay and severe depression and anxiety caused by lengthy pretrial incarceration.

Plaintiffs fail to attribute the alleged violations to a particular defendant. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). A complaint fails to state a claim where there is no allegation of specific conduct against

a particular defendant. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

In addition, to the extent that Plaintiffs raise their Eighth Amendment claims against defendant Christopher Swanson in his capacity as Genesee County Sheriff, they fail to state a claim. The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691–95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it," *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). In this case, Plaintiff fails to allege any specific conduct by Defendant Swanson that would support a finding that he directly participated in, encouraged, or implicitly authorized or approved any unconstitutional conduct.

**IV.**

Accordingly, it is **ORDERED** that Plaintiffs' Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE.** The Court finds an appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, Plaintiffs are not certified to pursue an appeal from this Judgment in forma pauperis. 28 U.S.C. § 1915(a)(3). Nevertheless, should Plaintiffs decide to file a notice of appeal, they may

seek leave from the Court of Appeals to proceed on appeal in forma pauperis. *See* Fed. R. App. P. 24(a)(5).


Dated: May 5, 2021                                              s/Thomas L. Ludington
                                                                THOMAS L. LUDINGTON
                                                                United States District Judge